UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:10-CV-00044-BR

| | |
|---|---|
| ALan B. FABIAN, et al., ) | |
| Plaintiffs ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| U.S. BANK, NA as successor trustee to ) | |
| Wachovia Bank, NA as Trustee for Wells Fargo ) | |
| Asset Securities Corporation, Mortgage Pass- ) | |
| Through Certificates Series 2005-18, BROCK & ) | |
| SCOTT LLC, ) | |
| Defendants ) | |

This matter is before the court on plaintiff JATAP Group LLC's ("JATAP") "motion for emergency injunction" which the court construes as a motion for a preliminary injunction. Defendants have filed a response in opposition, and JATAP filed a reply.

On 15 March 2010, plaintiff Alan B. Fabian initiated this action to quiet title to property located in Brunswick County, North Carolina. His complaint also names as plaintiffs Jacqueline M. Richards-Fabian and JATAP. Defendants are U.S. Bank, N.A. and Brock & Scott LLC, (see 5/3/10 Order), the owner and holder of a promissory note and deed of trust on the subject property and the substitute trustee, respectively, (Defs.' Resp., Ex. A ¶¶ 3, 19).

Prior to the commencement of this case, in August 2009, Brock & Scott, PLLC, at the behest of U.S. Bank N.A., instituted a foreclosure proceeding against the subject property before the Brunswick County Clerk of Court. (Defs.' Resp., Ex. D-2.) After a hearing on 18 March 2010 and by order filed 30 March 2010, the Clerk found that the subject deed of trust no longer secures any debt nor provides any right to foreclose and, accordingly, dismissed the foreclosure proceeding. (Id., Ex. D-3.) U.S. Bank, N.A. filed a notice of appeal from this order to the

Brunswick County Superior Court on 29 March 2010, (Reply at 8), which it amended on 6 April 2010, (id. & Ex. 2).

JATAP, by and through counsel, filed the instant motion on 21 April 2010. JATAP requests that the court enjoin defendants or any court, specifically Brunswick County Superior Court, from proceeding with any foreclosure action against the subject property, including any appeal therein. (Mot. at 2, 3.) Defendants contend that the Anti-Injunction Act (the "Act") bars this court from granting an injunction against the state proceeding. The court agrees.

The Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. As the Fourth Circuit has recognized,

> [t]he Act constitutes "an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." These three exceptions are injunctions: (1) expressly authorized by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments.

Denny's Inc. v. Cake, 364 F.3d 521, 528-29 (4th Cir. 2004) (citations omitted). Similar to the movant in Denny's, JATAP contends that notwithstanding these exceptions, the Act is inapplicable because the state proceeding concluded. (Reply at 8.) Specifically, JATAP argues that the state proceeding concluded upon the Clerk's issuance of a decision on 30 March 2010. (Id.) Despite the fact that U.S. Bank N.A. has appealed to the Superior Court, "[JATAP] contends . . . that matter was no longer pending after the Clerk's adverse decision because the Defendants asked for a *de novo* hearing before the Superior Court . . . ." (Id.) Thus, JATAP

2

appears to assert that because the *de novo* hearing has not occurred and the instant action is ongoing, the Act does not apply.

The Fourth Circuit has expressly rejected the circuit cases on which JATAP relies. Compare Denny's, 364 F.3d at 529-31 with Reply at 8.  The court held "that the Act's prohibition on enjoining state court proceedings applies to any such proceeding pending at the time the federal court acts on the request for injunctive relief, regardless of when the state court action was filed." Denny's, 364 F.3d at 531.  Currently, there is a foreclosure action pending in North Carolina Superior Court against the subject property, although the Superior Court has not yet heard the matter.  Thus, unless an exception to the Act applies, the court cannot enjoin the state court proceeding.

Although not clear, JATAP appears to also contend that the Act's "necessary to aid the court's jurisdiction" exception applies.  (See Reply at 8-9 (arguing the court has "accepted jurisdiction" and "even if the [A]ct applies it is exempt under the express exception clause").

> Ordinarily, a federal court may issue an injunction "in aid of its jurisdiction" in only two circumstances: (1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an *in rem* action involving a *res* over which the district court has been exercising jurisdiction in an *in rem* action. According to the Anti-Injunction Act's 1948 Reviser's Notes, an injunction in the first scenario makes "clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts," 28 U.S.C. § 2283 (Reviser's Notes), for the removal has terminated the state court's jurisdiction over the case. An injunction in the second scenario is an acknowledgment that when a federal court is the first to acquire subject matter jurisdiction over an action *in rem*, "the effect is to draw to the federal court the possession or control, actual or potential, of the *res*." Kline v. Burke Constr. Co., 260 U.S. 226, 229, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922). Control over the *res* is fundamental to the district court's ability to render judgment in the case; i.e., a final decision with respect to the *res*

3

Case 7:10-cv-00044-BR   Document 44   Filed 06/17/10   Page 3 of 5

> necessarily affect the rights of all persons having an interest in the *res*. "[T]he exercise by the state court of jurisdiction over the same *res* necessarily impairs, and may defeat" the federal court's control. Id.; see also United States v. $270,000 in U.S. Currency, Plus Interest, 1 F.3d 1146, 1148 (11th Cir.1993) ("A state court and a federal court cannot simultaneously exercise *in rem* jurisdiction over the same property."). The converse is also true. "[W]here the [*in rem*] jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same *res* to defeat or impair the state court's jurisdiction." Kline, 260 U.S. at 229, 43 S.Ct. at 81.

In re Bayshore Ford Truck Sales, Inc., 471 F.3d 1233, 1250-51 (11th Cir. 2006) (alterations in original).

Here, obviously the foreclosure action has not been removed to federal court. Additionally, this court has not been exercising *in rem* jurisdiction over the subject property. A quiet title action, such as this, is an *in personam* action, see Cadorette v. United States, 988 F.2d 215, 223 (1st Cir. 1992) ("[A] 'quiet title' action is, generally speaking, an *in personam* proceeding . . . ." (citing Nevada v. United States, 463 U.S. 110, 143-44 (1983)), whereas a foreclosure proceeding is *in rem*, see Phillips v. Charles Schreiner Bank, 894 F.2d 127, 132 (5th Cir. 1990). It is the *state* court which has acquired jurisdiction over the *res*. An injunction against the state foreclosure proceeding is not necessary to aid this court in its *in personam* jurisdiction. See id. (reversing district court's issuance of an injunction against state foreclosure action and finding district court's *in personam* jurisdiction is not threatened by possibility the state court might allow foreclosure on subject property or result in inconsistent judgment between state and federal courts).

No exception to the Act applies, and therefore, under the Act, the court is prohibited from enjoining the state foreclosure action.

4

The motion for emergency injunction is DENIED.

This 17 June 2010.

                                        W. Earl Britt
                                        Senior U.S. District Judge