| | |
|---|---|
| ALAN B. FABIAN, et al.,  )<br>                Plaintiffs  )<br>v.  )<br>)<br>)<br>U.S. BANK, NA as successor trustee to  )<br>Wachovia Bank, NA as Trustee for Wells Fargo  )<br>Asset Securities Corporation, Mortgage Pass-  )<br>Through Certificates Series 2005-18, BROCK &  )<br>SCOTT, PLLC,  )<br>                Defendants  ) | ORDER |

This matter is before the court on defendants' motion to dismiss plaintiff JATAP Group LLC's ("JATAP") amended complaint and Alan B. Fabian and Jacqueline M. Richards-Fabian's complaint. JATAP and Alan Fabian filed responses in opposition.[1]

JATAP alleges that it is the owner in fee simple of a parcel of land located in Brunswick County, North Carolina ("Property"). (JATAP's Am. Compl. ¶ 5.) According to JATAP, it obtained the Property in June 2009 as a result of forfeiture in Alan Fabian's criminal case in the United States District Court for the District of Maryland. (See id. ¶ 11; Fabian Compl., Ex. 2.) In August 2009, Brock & Scott, PLLC, on behalf of U.S. Bank, NA, initiated a foreclosure proceeding against the Property before the Brunswick County Clerk of Court. (Fabian Compl., Ex. 3.) By order filed 30 March 2010, that clerk found that the subject deed of trust no longer secures any debt and dismissed the foreclosure proceeding. (Defs.' 5/12/10 Resp. Mot. Prelim. Inj., Ex. D-5.) U.S. Bank, NA filed a notice of appeal from that order with the Brunswick

---

[1] Alan Fabian purports to file his response also on behalf of Jacqueline Richards-Fabian. However, because he is not an attorney, Alan Fabian cannot file a response on Richards-Fabian's behalf. Richards-Fabian did not sign the response. Thus, the court considers only Alan Fabian as having filed the response.

County Superior Court, which apparently remains pending. (JATAP's 5/26/10 Reply Mot. Prelim. Inj., Ex. 2.)

In March 2010, this action was initiated. JATAP asserts that defendants have no legal interest in the Property and that defendants' claims to the contrary constitute a cloud upon JATAP's title to the Property. (JATAP's Am. Compl. ¶¶ 7, 12.) JATAP requests that the court declare that JATAP is the owner in fee simple of the Property, free and clear of any claim of defendants, that the court enter an order directing the Clerk of Court to publish notice of this lawsuit admonishing all parties who have an interest in the Property to make themselves a party, and that defendants be ordered to cancel upon the records of the Brunswick County Registry the deed of trust upon the Property. (Id. at 7, ¶¶ 1-4.) Alan Fabian and Jacqueline Richards-Fabian make similar assertions and requests for relief. (See Fabian Compl. ¶¶ 12, 22, C, D.) For the reasons set forth below, the court declines to exercise jurisdiction over this action.[2]

Although the court does possess diversity jurisdiction, (see JATAP's Am. Compl. ¶ 3; Fabian Compl. ¶¶ 1-3), this action is one seeking a declaratory judgment pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, (see JATAP's Am. Compl. ¶ 4). Under that Act, a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201(a). However, this power is considered discretionary. See Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (relying on Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995); Brillhart v. Excess Ins. Co., 316 U.S. 491, 494 (1942); Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d

---

[2] No party has raised this issue in its briefing. However, the court may exercise its discretion to decline jurisdiction under these circumstances *sua sponte*. See State Auto Ins. Co. v. Summy, 234 F.3d 131, 136 (3d Cir. 2000).

2

321, 324 (4th Cir. 1937)). A district court may, in the sound exercise of its discretion, stay or dismiss an action seeking declaratory judgment. See Wilton, 515 U.S. at 288. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id.

"[W]hen a related state proceeding is underway, a court considering a declaratory judgment action should specifically consider whether the controversy 'can better be settled in the proceeding pending in the state court.'" Poston, 88 F.3d at 257 (quoting Brillhart, 316 U.S. at 495). In making this determination, the Fourth Circuit has recognized several factors to aid district courts. See United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493-94 (4th Cir. 1998). These factors are:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

Id. (citation omitted).

First, the state of North Carolina has an interest in determining the disposition of property located within its borders. However, that determination here is based on interpretation of a federal court order applying federal law, that is, the forfeiture order of the Maryland district court. Thus, the court cannot say that North Carolina has "strong interest" in resolving whether

3

defendants have any interest in the Property.[3]

Even so, the North Carolina court can likely resolve the issue more efficiently than this court. As previously noted, the foreclosure proceeding was initiated first and, not surprisingly, that action is further along than the instant case. If this court retains jurisdiction, there is a real possibility that the two courts will duplicate their efforts and thereby waste judicial resources.

In addition, continuing with this action will undoubtedly result in unnecessary conflict between the state and federal courts. Plaintiffs ask the court to issue a declaratory judgment addressing precisely the same issue contemplated by the state foreclosure action. In the state action, the superior court, undertaking a *de novo* review on appeal from the clerk, will determine whether U.S. Bank, NA has a right to foreclose under the subject deed of trust, among other things. See N.C. Gen. Stat. § 45-21.16(d), (d1). Plaintiffs contend that issue is answered by looking to the Maryland district court's order. (See Defs.' 5/12/10 Resp. Mot. Prelim. Inj., Ex. D-5.) This court is being asked to consider the same argument and resolve the same issue here. (See Defs.' 6/21/10 Mem. Supp. Mot. Dismiss JATAP's Claims; JATAP's 7/21/10 Mem. Supp. Reply.) Due to the factual and legal overlap, this court's decision could result in direct, unnecessary conflict with the state court.

Finally, it appears that plaintiffs are engaging in "procedural fencing," or forum-shopping. This factor requires the court to evaluate whether "a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a

---

[3]This does not necessarily mean, however, that the federal court has a strong interest in resolving the controversy. Although federal law is implicated to a certain extent, federal law does not dictate the result. Plaintiffs' quiet title claim here and their defense to the state foreclosure action is not dependent on the construction and effect of federal forfeiture law, but rather, it is dependent on the construction and effect of another court's order, albeit a federal court.

4

more favorable forum . . . ." Great Am. Ins. Co. v. Gross, 468 F.3d 199, 212 (4th Cir. 2006).  The timing of the filing of this action is particularly significant with respect to this factor.  Although the state foreclosure proceeding was initiated a number of months prior to the instant case, it is obvious plaintiffs filed this action on 15 March 2010 when it became clear defendants intended to proceed with foreclosure.  (See Fabian Compl., Ex. 6 (amended notice of hearing setting foreclosure hearing before the clerk on 18 March 2010).)  Given that upon initiation of this action, plaintiffs sought emergency relief to enjoin the foreclosure hearing before the clerk, (see Pls.' 3/15/10 Mot. Emergency Inj.), and that JATAP subsequently filed a similar motion requesting that the court enjoin the Brunswick County Superior Court from proceeding on the appeal, (JATAP's 4/21/10 Mot. Emergency Inj.), plaintiffs clearly are seeking "to provide another forum in a race for res judicata," Poston, 88 F.3d at 257, and foreclose any possibility that the defendants might succeed.  See also New Delview Place Assocs. v. Delaware Sav. Bank, No. 92-4209, 1992 WL 346281, at *4-5 (E.D. Pa. Nov. 10, 1992) (concluding, as an alternative basis for dismissal, that it should decline to entertain a declaratory judgment action where the plaintiff was using the federal forum to defeat a pending, earlier-filed state mortgage foreclosure proceeding).

The factors above weigh in favor of declining jurisdiction over this declaratory judgment action.  Accordingly, it is hereby ORDERED that JATAP's amended complaint and Alan Fabian and Jacqueline Richards-Fabian's complaint are DISMISSED WITHOUT PREJUDICE.

Defendants' motion to dismiss is DENIED as moot.  The Clerk is DIRECTED to close this case.

This 18 November 2010.

                                    W. Earl Britt
                                    Senior U.S. District Judge